**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| KRISTI MCALPIN, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No.: 1:25-CV-621-SEB-CSW |
| LIVING PROOF HEALTH INSURANCE AGENCY, LLC | |
| Defendant. | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**
**CLASS ACTION COMPLAINT**

Defendant Living Proof Health Insurance Agency, LLC ("Living Proof"), by and through

its undersigned counsel, for its answer and affirmative defenses to the Complaint of Plaintiff Kristi

McAlpin ("Ms. McAlpin"), states as follows:

## I.    INTRODUCTION

1.    <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' id. § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' id. § 2(9)." Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 649 (4th Cir. 2019).

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief

about the truth of the allegations contained in Paragraph 1, which appears to contain a string of

quotations from a variety of sources. Defendant further denies the allegations contained in

Paragraph 1 to the extent they misstate, misquote, or mischaracterize the quoted statements.

2.      "[T]he law opted for a consumer-driven process that would allow objecting
individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations
was the national Do-Not-Call registry. See 47 C.F.R. § 64.1200(c)(2). Within the federal
government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry
stands out as a model of clarity. It means what it says. If a person wishes to no longer receive
telephone solicitations, she can add her number to the list. The TCPA then restricts the telephone
solicitations that can be made to that number. See id.; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive
telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any
outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-
call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or
injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward
provision designed to achieve a straightforward result. Congress enacted the law to protect against
invasions of privacy that were harming people. The law empowers each person to protect her own
personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords
relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their
domestic peace." Id. at 649-50.

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief

about the truth of the allegations contained in Paragraph 2, which appears to contain a string of

quotations from a variety of sources. Defendant further denies the allegations contained in

Paragraph 2 to the extent they misstate, misquote, or mischaracterize the quoted statements.

3.      Plaintiff, individually and as class representative for all others similarly situated,
brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47
U.S.C. § 227 ("TCPA") for making telemarketing calls, after she had requested they stop, in
violation of the internal do not call regulations of the TCPA.

**ANSWER:**    Defendant admits that Plaintiff alleges a violation of the TCPA and asserts

that Plaintiff is bringing this action on behalf of a purported class. Defendant denies that any

purported class exists and denies the remaining allegations contained in Paragraph 3.

4.      Because telemarketing campaigns generally place calls to thousands or even
millions of potential customers en masse, Plaintiff brings this action on behalf of a proposed
nationwide class of other persons who had previously asked to no longer receive calls.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations pertaining to "telemarketing campaigns." Defendant admits that

Plaintiff alleges a violation of the TCPA and asserts that Plaintiff is bringing this action on behalf of a purported class. Defendant denies that any purported class exists and denies the remaining allegations contained in Paragraph 4.

## II. PARTIES

5.     Plaintiff McAlpin is an individual who resides in the Eastern District of Pennsylvania.

**ANSWER:**     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 5, and therefore denies those allegations.

6.     Defendant Living Proof Health Insurance Agency LLC is a corporation with its headquarters and principal place of business in Kokomo, Indiana.

**ANSWER:**     Defendant admits the allegations contained in Paragraph 6.

## III. JURISDICTION AND VENUE

7.     <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 372 (2012).

**ANSWER:**     The allegations contained in Paragraph 7 contain legal conclusions to which no answer is required. To the extent an answer is required, Defendant admits only that Plaintiff purports to base her claim on a federal statute. Defendant denies the remainder of the conclusory allegations.

8.     <u>Personal Jurisdiction</u>: This Court has general personal jurisdiction over Defendant because it is headquartered and has its principal place of business in Indiana.

**ANSWER:**     Defendant admits that its principal place of business is in Indiana. The remaining allegations contained in Paragraph 8 contain legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

9.     <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District.

**ANSWER:**     The allegations contained in Paragraph 9 contain legal conclusions to which no answer is required. To the extent an answer is required, Defendant admits only that its principal

place of business is in Kokomo, Indiana, which is in this District. Defendant denies the remainder of the allegations.

## IV. FACTS

10.     The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

**ANSWER:**     The allegation regarding what "[t]he TCPA specifically required" contains a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations. The remaining allegations appear to quote the statute, and Defendant denies the allegations contained in Paragraph 10 to the extent they misstate, misquote, or mischaracterize the statute. Defendant denies the remaining allegations contained in Paragraph 10.

11.     The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." Id. at (c)(1)(A), (E).

**ANSWER:**     The allegation in the passive voice regarding what "[t]he FCC was instructed" contains a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations. The remaining allegations appear to quote the statute, and Defendant denies the allegations contained in Paragraph 11 to the extent they misstate, misquote, or mischaracterize the statute. Defendant denies any remaining allegations contained in Paragraph 11.

12.     Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

**ANSWER:**     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 12, and therefore denies those allegations.

13.     These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 13, and therefore denies those allegations.

14.    Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

**ANSWER:**    The allegations contained in Paragraph 14 contain legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations. Defendant also lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 14, and therefore denies those allegations.

15.    This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

**ANSWER:**    The allegations contained in Paragraph 15 contain legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations. Defendant also lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 15, and therefore denies those allegations. Defendant further denies the allegations contained in Paragraph 15 to the extent they misstate, misquote, or mischaracterize the federal regulations. Defendant denies the remaining allegations contained in Paragraph 15.

**Unsolicited Telemarketing to Plaintiff**

16.    Plaintiff McAlpin is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:**    The allegations contained in Paragraph 16 contain legal conclusions to which no answer is required. To the extent an answer is required, Defendants denies the allegations contained in Paragraph 16.

17.    Plaintiff McAlpin's cellular telephone number, (610) XXX-XXXX, is a telephone number that is used for residential purposes.

**ANSWER:**    Defendant admits that Plaintiff's telephone number starts with area code 610. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 17, and therefore denies those allegations.

18.    Plaintiff McAlpin uses the telephone number for her own personal, residential, and household needs and reasons.

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 18, and therefore denies those allegations.

19.    The number is a residential telephone line because it is assigned to a telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

**ANSWER:**    The allegations contained in Paragraph 19 contain legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 19.

20.    Plaintiff McAlpin was seeking health insurance in December of 2024, so she visited a health insurance comparison website.

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 20, and therefore denies those allegations.

21.    As a result, Plaintiff started receiving multiple calls from insurance companies looking to sell her health insurance, including the Defendant.

**ANSWER:**    Defendant admits that, at one time, it called Plaintiff. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 21, and therefore denies those allegations.

22.    Because Plaintiff was inundated with the volume of calls she was receiving from the Defendant, shortly after submitting her information, the Plaintiff explicitly requested that the calls from the Defendant stop.

**ANSWER:**    Defendant admits that, at one time, it called Plaintiff and that Plaintiff, at some time, requested that Defendant not call her. Defendant lacks knowledge and information

6

sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 22, and therefore denies those allegations.

23.    During this call, the Defendant's agent stated that the calls would not stop, refused to place the Plaintiff's number on the Defendant's do not call list, and stated that they would continue to call.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 23.

24.    The Plaintiff made this request that the calls from the Defendant stop in approximately late December of 2024.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 24.

25.    However, the calls from Defendant continue, including to this very day.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 25.

26.    Defendant continues to call from the same set of telephone numbers, including 610-542-9409, 610-542-9405, 610-619-1049, 610-619-1063, and 610-619-1064.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 26.

27.    The Plaintiff attempted to block the numbers, but this task was made more difficult by the fact that the Defendant routinely cycles through telephone numbers.

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 27, and therefore denies those allegations.

28.    Each call which the Plaintiff answered, an agent on the other line attempted to sell and enroll her in a health insurance plan.

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 28, and therefore denies those allegations.

29.    The agents state that they are from the fictitiously named "Health Enrollment Center" and state that they are looking to give quotes on and sell the Plaintiff a health insurance plan.

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 29, and therefore denies those allegations.

30.    However, whenever the Plaintiff started asking any questions or reiterated her requests not to call, the agents would either become verbally abusive or simply hang up.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 30.

31.    On March 7, the Plaintiff called back the 610-619-1049 number and spoke to an agent who was initially hesitant to identify the company he worked for, stating that he was with the "Health Enrollment Center," but ultimately confirmed that he worked for the Defendant Living Proof Health Insurance Agency.

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 31, and therefore denies those allegations.

32.    Insurance agents who work for the Defendant describe their jobs as one of "cold calling" people to give them "health insurance quotes" for "sales and upselling":
[Screen Shot included in Allegation]

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 32, and therefore denies those allegations.

33.    The calls were thus plainly sales call to sell health insurance and upsell the Plaintiff to a more expensive health insurance plan.

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 33, and therefore denies those allegations.

34.    The Plaintiff has received hundreds of telephone calls from the Defendant, from the above-described caller IDs, from December of 2024 and continuing through present.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 34.

35.    During a call on March 10, 2025, the Plaintiff reiterated her request to not receive calls from the Defendant, but was laughed at and stated "You're wasting your money [hiring a lawyer.] We deal with it all the time. It ain't going to go nowhere."

**ANSWER:**    Defendant denies the allegations contained in Paragraph 35.

36.    In fact, the messages continued through the filing of this Complaint, despite the Plaintiff making yet another "Stop" request in December:

**ANSWER:**    Defendant denies the allegations contained in Paragraph 36.

37.    The Plaintiff did not ask for the calls and explicitly asked that they stop.

**ANSWER:**    Defendant admits that, at one time, Plaintiff requested that Defendant not call her. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 37, and therefore denies those allegations.

38.    Because they were sent to encourage the purchase of health insurance, the calls were telemarketing.

**ANSWER:**    The allegations contained in Paragraph 19 contain legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 38.

39.    A reasonable seller would investigate into the reasons why they would refuse to place someone on their internal do not call list.

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 39, and therefore denies those allegations.

40.    Upon information and belief, based on the Defendant's behavior, Defendant does not possess an internal do not call policy.

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 40, and therefore denies those allegations.

41.    Plaintiff's privacy has been violated by the above-described telemarketing calls messages.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 41.

42.    Plaintiff effectively revoked her consent to receive these calls.

**ANSWER:**    Defendant admits that, at one time, Plaintiff requested that Defendant not call her. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 42, and therefore denies those allegations.

43.    The aforementioned calls that were sent to the Plaintiff after she asked not to be called were unwanted.

9

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 43, and therefore denies those allegations.

44.    The calls were non-consensual encounters.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 44.

45.    Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls were frustrating, annoying, and particularly difficult to block, which rendered phones unavailable for legitimate communication and other legitimate uses, including while driving, working, and performing other critical household tasks.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 45.

## V.    CLASS ACTION ALLEGATIONS

46.    <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Class (the "Class") defined as follows:

> **Internal Do Not Call Class**: All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) who had previously asked for the calls to stop or for a copy of Defendant's Do Not Call Policy and (4) within the four years prior to the filing of the Complaint.

**ANSWER:**    Defendant admits that Plaintiff is attempting to bring this case on behalf of a putative class, as defined in Paragraph 46, but Defendant denies that any sort of class exists and that Plaintiff can adequately represent the putative class she defined.

47.    <u>Excluded</u> from the Class are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER:**    Defendant admits that Plaintiff is attempting to bring this case on behalf of a putative class, as defined in Paragraph 46, and that she identifies certain individuals that are excluded from the putative class in Paragraph 47, but Defendant denies that any sort of class exists and that Plaintiff can adequately represent the putative class she defined.

48.    The Class, as defined above, is identifiable through telephone records and telephone number databases.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 48.

49.    The potential members of the Class likely numbers at least in the hundreds because of the en masse nature of telemarketing calls.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 49.

50.    Individual joinder of these persons is impracticable.

**ANSWER:**    The allegations contained in Paragraph 50 contain legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 50.

51.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**ANSWER:**    The allegations contained in Paragraph 51 contain legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 51.

52.    Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as she has no interests that conflict with any of the class members.

**ANSWER:**    The allegations contained in Paragraph 52 contain legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 52.

53.    Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 53.

54.    This class action complaint seeks injunctive relief and money damages.

**ANSWER:**    Defendant admits the complaint seeks injunctive relief and money damages, but denies that Plaintiff or any putative class member is entitled to such relief.

55.    There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

a.  Whether Defendant systematically made calls without maintaining an internal do not call list or policy;

    b.  whether Defendant made calls to Plaintiff and members of the Internal Do Not Call Class after having received a stop request; and

    c.  whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

    **ANSWER:**    Defendant denies the allegations contained in Paragraph 55.

56.    Plaintiff's claims are typical of the claims of the Class, as they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

    **ANSWER:**    The allegations contained in Paragraph 56 contain legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 56.

57.    Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

    **ANSWER:**    The allegations contained in Paragraph 57 contain legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 57.

58.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

    **ANSWER:**    Defendant denies the allegations contained in Paragraph 58.

59.    A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

    **ANSWER:**    Defendant denies the allegations contained in Paragraph 59.

60.    Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 60.

### FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d))
### (On Behalf of Plaintiff and the Internal Do Not Call Registry Class)

61.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER:**    Defendant incorporates all of its answers to the previous allegations as though fully set forth in the answer to this Paragraph.

62.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop, and without maintaining an internal do not call list or policy, among other procedural requirements, required by law.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 62.

63.    Defendant's violations were negligent, willful, or knowing.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 63.

64.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 64.

### AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendant asserts the following separate and additional defenses to the claims alleged in Plaintiff's complaint. By alleging these affirmative defenses, Defendant is not altering the burden of proof going forward with evidence which otherwise exists with respect to any particular issue

in the case. All defenses are pleaded in the alternative and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. All defenses pleaded below are based on Defendant's current understanding of the claims that Plaintiff has alleged, and Defendant reserves the right to plead additional defenses if and when they become appropriate and/or available in this action.

1.    **Failure to State a Claim.** Some or all of Plaintiff's claims against Defendant are barred due to Plaintiff's failure to state a claim upon which relief can be granted.

2.    **Good Faith.** Some or all of Plaintiff's claims against Defendant are barred on the grounds that, at all times, Defendant complied with all applicable statutes, rules, regulations, and interpretations in good faith.

3.    **Statute of Limitations.** Some or all of Plaintiff's claims against Defendant are barred by the applicable statute(s) of limitations. Investigation is ongoing and further discovery is required.

4.    **Lack of Standing and Failure to Mitigate.** Some or all of Plaintiff's claims against Defendant are barred on the grounds that Plaintiff has not suffered damages giving rise to standing or has failed to mitigate her damages. Investigation is ongoing and further discovery is required.

5.    **Consent or License.** Some or all of Plaintiff's claims against Defendant are barred because Plaintiff consented to the calls that supposedly gave rise to Plaintiff's alleged claims. Investigation is ongoing and further discovery is required.

6.    **Established Business Relationship.** Some or all of Plaintiff's claims against Defendant are barred because Plaintiff's conduct gave rise to an established business relationship

14

with Defendant, and thus Defendant's conduct did not implicated the TCPA. Investigation is ongoing and further discovery is required.

7.      **Inadequate Class Allegations.** Some or all of Plaintiff's class claims against Defendant are barred because various defenses are unique to Plaintiff, which makes her an inadequate class representative, and because significant individualized inquiries exist such that the class that Plaintiff defined could never be certified.

Dated:  May 19, 2025                    Respectfully submitted,


                                        By:    */s/ Mitch Tanner*

                                        J. Mitchell Tanner (Atty. No. 35905-49)
                                        **TAFT STETTINIUS & HOLLISTER LLP**
                                        One Indiana Square, Ste. 3500
                                        Indianapolis, IN 46204
                                        Phone: (317) 713-3500
                                        Fax: (317) 713-3699
                                        mtanner@taftlaw.com

                                        Isaac J. Colunga (Pro Hac Vice Forthcoming)
                                        **TAFT STETTINIUS & HOLLISTER LLP**
                                        111 E. Wacker Dr., Ste. 2600
                                        Chicago, Illinois 60601
                                        (312) 527-4000
                                        icolunga@taftlaw.com

                                        Ethan Holtz (Pro Hac Vice Forthcoming)
                                        **TAFT STETTINIUS & HOLLISTER LLP**
                                        27777 Franklin Rd., Ste. 2500
                                        Southfield, MI 48034
                                        (248) 351-3000
                                        eholtz@taftlaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on May 19, 2025, he caused the foregoing *Answer to Plaintiff's Complaint* to be filed with the Clerk of the Southern District of Indiana, a copy of which will be served on all counsel of record through the Clerk's CM/ECF system.

*/s/ Mitch Tanner*
J. Mitchell Tanner